E-FILED
Friday, 24 April, 2026  03:08:56 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| TERRELL SIMS, )<br>    Plaintiff, )<br> )<br> v. )<br> )<br>STEVEN CAMBELL, )<br>    Defendant. ) | Case No. 3:26-cv-03029-SEM |

## <u>MERIT REVIEW ORDER</u>

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Terrell Sims, an inmate at Graham Correctional Center ("Graham"). Plaintiff has also filed a Motion for Status (Doc. 9).

The Court dismisses Plaintiff's pleading for failure to state a claim for relief, which renders moot his status request.

### I. SCREENING STANDARD

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be

granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. ALLEGED FACTS

On December 8, 2024, Plaintiff called for assistance for his cellmate, who was having trouble breathing. Less than one minute later, Plaintiff's cellmate died. Plaintiff claimed that his cellmate had earlier told Plaintiff he had six months to live. An hour later, Plaintiff was escorted to investigative segregation. Plaintiff claims that a mandatory mental health evaluation is required before being transferred to restrictive housing, which did not occur. (Pl. Compl., Doc 1 at 5-6:1-2.)

Five days later, Plaintiff was transported to SSM Health Saint Mary's Hospital in Centralia, where he received a blood transfusion. Upon his release four days later, Plaintiff returned to investigative

segregation pending the results of an autopsy on his deceased cellmate, who Plaintiff asserted was terminally ill. Plaintiff asserts he must receive notice and a hearing before a transfer to restrictive housing can occur. (*Id.* at 6-7:3-4.)

### III. ANALYSIS

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Additionally, "[f]or a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights." *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Despite naming Defendant Cambell, the former Graham warden, Plaintiff does not mention Cambell again in his

pleading. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

To the extent Plaintiff names Defendant Cambell based on his supervisory responsibility, this is also inadequate to impose § 1983 liability. *See Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997) ("The doctrine of respondeat superior cannot be used to impose § 1983 liability on a supervisor for the conduct of a subordinate violating a plaintiff's constitutional rights."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (noting that because vicarious liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Plaintiff also does not have a constitutional right to a mental health evaluation before being placed in investigative segregation. *See Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017); *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 380 (7th Cir. 2017) (stating that a failure to follow departmental guidelines "in itself . . . does not describe an Eighth Amendment violation"); *see also Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017) ("42 U.S.C. §1983 does

not authorize federal courts to order state officials to pay damages for violations of state law; remedies in §1983 suits are for violations of federal law only.").

Furthermore, "inmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes." *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008) (holding that plaintiff did not have a constitutionally protected liberty interest in avoiding placement in administrative segregation pending an investigation because this type of segregation is considered "discretionary segregation," which inmates have "no liberty interest avoiding," and also because plaintiff's placement in segregation "neither was indefinite, nor affected his parole eligibility"); *see also Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997) ("Both temporary confinement and investigative status have been determined to be discretionary segregation, and do not implicate a liberty interest.").

Consequently, Plaintiff's Complaint is dismissed. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a Motion for Leave to File an Amended

Complaint. If Plaintiff elects to file an amended pleading, it must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's claims must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's Motion for Status (Doc. 9) is moot with the entry of the Court's Merit Review Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Status (Doc. 9) is MOOT.**

2) **Plaintiff's Complaint (Doc. 1) is DISMISSED for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

3) **The Court GRANTS Plaintiff leave to file an Amended Complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED April 24, 2026.


s/ *Sue E. Myerscough*

_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE