E-FILED
Friday, 20 November, 2026 01:48:01 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **TERRELL C. SIMS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:26-cv-03029-SEM** |
| | ) | |
| **STEVEN CAMPBELL *et al.*,** | ) | |
| **Defendant.** | ) | |

**MERIT REVIEW ORDER**

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is an Amended Complaint (Doc. 15) filed under 42 U.S.C. § 1983 by Plaintiff Terrell Sims, an inmate at Graham Correctional Center ("Graham").

The Court dismisses Plaintiff's amended pleading for failure to state a claim for relief.

## I. SCREENING STANDARD

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is

immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. ALLEGED FACTS

Plaintiff names former Graham warden Steven Campbell and Wexford Health Sources, Incorporated ("Wexford") as Defendants.

In late October 2024, Plaintiff spoke with Campbell regarding being cellmates with his close friend, who had recently been diagnosed with a terminal illness. Plaintiff explained that although he did not want to abandon his cellmate, he also did not want to face the aftermath of his impending death. Plaintiff was told he could either refuse housing, which would result in disciplinary action, or remain in his assigned cell.

In December 2024, Plaintiff's cellmate died. Plaintiff was thereafter transferred to segregation, where he remained for thirty-two days. Plaintiff claims that Graham's policy mandates that after

an inmate's death, the cellmate is transferred to segregation pending autopsy results. Plaintiff asserts that his earlier conversation with Defendant Campbell should have dispelled any notion that Plaintiff caused his cellmate's death.

Plaintiff also claims that Defendant Wexford, the then contracted healthcare provider, was notified by "institutional mail" on three occasions in December 2024 that Plaintiff required a mental health evaluation after his cellmate's death.

## III. ANALYSIS

Although the Court acknowledges that the death of Plaintiff's cellmate was an emotionally traumatic experience, Plaintiff's amended pleading does not permit the plausible inference that either Defendants Campbell or Wexford violated his constitutional rights.

Plaintiff initially claims that enforcement of policy to transfer him to segregation after the death of his cellmate caused the infringement of his constitutional rights. However, Plaintiff's conversation with Defendant Campbell two months before his cellmate's death, standing alone, is insufficient to establish that Campbell either knew Plaintiff would suffer a serious mental health

crisis, that he personally disregarded a known serious mental health or medical risk, or that he knew Plaintiff was subsequently denied mental health treatment.

Plaintiff also attempts to allege a claim against the Illinois Department of Corrections and Defendant Wexford based on the Supreme Court's decision in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Defendant Wexford can be held liable under § 1983 if an unconstitutional act is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (stating that the standard for municipal liability in *Monell* applies to corporations as well).

Plaintiff does not allege any facts that establish or permit the inference that a Wexford official policy, practice, or custom caused his injury. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) ("An official policy or custom may be established

by means of an express policy, a widespread practice which, although unwritten, is so entrenched and well-known as to carry the force of policy, or through the actions of an individual who possesses the authority to make final policy decisions on behalf of the municipality or corporation.”).

Instead, Plaintiff states that Defendant Wexford was notified on three occasions in December 2024 through Graham’s institutional mail that Plaintiff required mental health treatment following the death of his cellmate. However, Plaintiff does not list the Wexford employees who received those correspondences nor provide facts that identified or unidentified Wexford employees were deliberately indifferent to his mental health needs. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (“The ‘official policy’ requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby [clarify] that municipal liability is limited to action for which the municipality is … responsible.”) (emphases in original).

More importantly, Plaintiff cannot sustain a *Monell* claim without an underlying constitutional deprivation. *See Coleman v. City of Peoria*, 925 F.3d 336, 351 (7th Cir. 2019) (holding that the

plaintiff's municipal liability claim failed as a matter of law because he "failed to present evidence supporting an underlying violation").

To the extent that Plaintiff names the Illinois Department of Corrections as a Defendant, his claim fails because "State agencies are not 'persons' under § 1983 . . . ." *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2006); *see also Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("IDOC was properly dismissed because it is not a person subject to suit under § 1983.").

As noted in the Court Merit Review Order (Doc. 10) on Plaintiff's initial complaint (Doc. 1), "inmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes." *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008) (holding that plaintiff did not have a constitutionally protected liberty interest in avoiding placement in administrative segregation pending an investigation because this type of segregation is considered "discretionary segregation," which inmates have "no liberty interest avoiding," and also because plaintiff's placement in segregation "neither was indefinite, nor affected his parole eligibility"); *see also Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir.

1997) ("Both temporary confinement and investigative status have been determined to be discretionary segregation, and do not implicate a liberty interest.").

Accordingly, the Court dismisses Plaintiff's amended pleading for failure to state a plausible claim for relief. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a Motion for Leave to File a Second Amended Complaint. If Plaintiff elects to file a second amended pleading, it must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's claims must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants is not permitted. *See* Fed. R. Civ. P. 20(a)(2).

In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint (Doc. 15) is DISMISSED for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

2) **The Court GRANTS Plaintiff leave to file a Second Amended Complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED November 20, 2026.

s/ *Sue E. Myerscough*

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE